United States District Court
Southern District of Texas
**ENTERED**
April 05, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| KAY JEUUDAH,<br>  *Plaintiff*,<br><br>v.<br><br>HOUSTON POLICE DEPARTMENT, ET AL.,<br>  *Defendants*. | §<br>§<br>§<br>§   CIVIL ACTION NO. 4:22-CV-3545<br>§<br>§<br>§<br>§ |

## MEMORANDUM AND RECOMMENDATION

Pending before the Court are (1) Defendant Harris County Sheriff Department's Motion to Dismiss (ECF 2); (2) Defendant Houston Police Department's Motion to Dismiss; (3) Defendants Whataburger Restaurants LLC and Zulliveth Rodas' Motion to Dismiss (ECF 5); and Plaintiff Kay Jeuudah's Motion to Correct Name (ECF 7). Plaintiff has filed a "Motion to Dismiss" (ECF 8) that the Court construes to be (a) Plaintiff's Response to Defendants' Motions to Dismiss and (b) a request to voluntarily dismiss without prejudice Defendants Urgent Doc, Fort Bend County Sheriff's Office, Richmond Police Department, Victor Horelica, Zulliveth Rodas Catalan, and proper party Defendant Whataburger Restaurants LLC. Having considered the parties' submissions and the applicable law, the Court RECOMMENDS that Plaintiff's request to voluntarily dismiss without prejudice certain Defendants (ECF 8) be GRANTED; that Plaintiff's claims against the

remaining Defendants be DISMISSED sua sponte for lack of standing; and that the remaining Motions (ECF 2; ECF 3; ECF 5; ECF 7) be TERMINATED due to the Court's lack of subject matter jurisdiction.[1]

## I. Background

Plaintiff, proceeding *pro se*, filed a Texas state court petition in the 11th Judicial District Court of Harris County, Texas on or around September 15, 2022. ECF 1-1 at 2. The petition names ten Defendants (verbatim):

1. Houston Police Department TX (US) Jail
2. Harris County Sheriff's Department TX (US) Jail
3. Jail Ministry Division of Harris County Sheriff Jail Department Jail (TX)
4. Zulliveth Rodahs Catalan or What.A.Burger
5. Houston Police Department Tacticle Division Harris County TX (US)
6. Ft Bend County Sheriff Office Texas (US) Jails
7. Richmond Police Department TX (US)
8. Victor Horelica Badge No. 5006 of Ft Bend's Richmond TX PD (US)
9. Urgent Doc

*Id.*

Plaintiff alleges that Defendants violated her rights under the First, Fourth, Fifth, Eighth, Thirteenth, and Fourteenth Amendments to the United States Constitution (*id.* at 7-8, 10) and identifies "42 USC Civil Rights" as the "cause of

---

[1] The District Judge referred this case to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure 72. ECF 6.

2

action" (*id.* at 2), which the Court construes to be a reference to 42 U.S.C. § 1983. The petition is difficult to decipher, containing extensive discussion of Biblical verse, references to various public figures, and allegations of racism committed against the "Tribe of Judah." *See generally id.* For example, Plaintiff alleges (verbatim):

> The Houston Police Department TX (US) and and all Defendant Confederates thereof, namely all entities and Systems of so-called Justice, have violated me <u>and</u> my People, whom [symbol] has said to me, "You shall inherit the earth," and ultimately have violated the Habitation of Justice Whose Name is HOLY YAH, YAHWEH.
>
> * * *
>
> Marshal of the Southern District of the United States Confederacy, "T Michael O'Connor" is that of HOUSTON POLICE DEPARTMENT's Authority to, by Satan's SinaGogg, "deputize" murderers of BLACK MEN who are Kings and Princes, Of the Tribe of Judah: The LION KING STOCK. We are <u>more</u> than just BLACK. We are the TRUE ROYALS, who's blood, tears, and painful imprisonments of slavery BUILT the Stock Market. (Stop Stocking and Marketing my Tribe: Judah.)

*Id.* at 7-8.

> T Michael O'Connor; and those who hunt men of my Royal Tribe, and who stand in the Holy Place of my Royal Tribe, "the seed of the serpent" of Genesis 3:15," the entire Justice System is a lie . . . .
>
> T'Michael O'Connor deputized the Asian Confederate HPD officer who slayed my Prince Nephew Hallis Kinsey Jr, at the Plainfield Inn. This is the REKONING. This is the Judgement of Edom's on Federation.

3

*Id.* at 11.  With respect to relief, Plaintiff seeks "'Oil Wealth for the violence against us,' [symbol].  All Rights of the 'Oil Rights,' for violations of our Civil Rights: Of the Tribe of Judah: The LION KING STOCK."  *Id.* at 4.

Defendant Houston Police Department filed a Notice of Removal on October 13, 2022, invoking the Court's federal question jurisdiction pursuant to 28 U.S.C. § 1331.  Thereafter, Defendants Harris County Sheriff's Department (ECF 2); Houston Police Department (ECF 3); and Zulliveth Rodahs and Whataburger Restaurants LLC (ECF 5) filed Motions to Dismiss on various grounds.  In response, Plaintiff filed a "Motion to Dismiss Appeal Motion to Dismiss."  ECF 8 at 1.  In that filing, Plaintiff writes:

> <u>In Addition (Please forgive my addition):</u>
>
> Urgent Doc, Ft Bend Co Sheriff Office TX, Richmond Police Department TX (US), Victor Horelica Badge No. 5006 of Richmond TX PD (US), and Zulliveth Rodas Catalan or Whataburger – I have removed them from this case, to be integrated with/to Case No.

*Id.* at 7.  The Court construes this language as a request to voluntarily dismiss these Defendants under Rule 41(a) of the Federal Rule of Civil Procedure.  Rule 41 authorizes a plaintiff to voluntarily dismiss an action without a court order if an opposing party has served "[n]either an answer [n]or a motion for summary judgment."  FED. R. CIV. P. 41(a)(1)(A)(i).  None of the six Defendants Plaintiff identifies has filed an answer or a Motion for Summary Judgment.  Accordingly, the

4

Court RECOMMENDS that Plaintiff's request for voluntary dismissal of six Defendants be GRANTED, and that Defendants (1) Urgent Doc, (2) Fort Bend County Sheriff Office TX, (3) Richmond Police Department TX (US), (4) Victor Horelica Badge No. 5006 of Richmond TX PD (US), (5) Zulliveth Rodas Catalan, and (6) proper Defendant Whataburger Restaurants LLC be DISMISSED from this action without prejudice.  The Court addresses below Plaintiff's claims against Defendants Houston Police Department; Harris County Sheriff's Department; Jail Ministry of Harris County Sheriff Department; and Houston Police Department Tacticle Division Harris County (collectively, the "Houston Defendants").

## II.  Legal Standards

"If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." FED. R. CIV. P. 12(h)(3).  Federal courts have an affirmative duty to examine *sua sponte* the basis for subject matter jurisdiction. *Union Planters Bank Nat. Assn. v. Salih*, 369 F.3d 457, 460 (5th Cir. 2004).  Article III constitutional standing, specifically, is a jurisdictional prerequisite that must be raised *sua sponte* by the Court.  *Ford v. NYLCare Health Plans of Gulf Coast, Inc.*, 301 F.3d 329, 331-32 (5th Cir. 2002).  Dismissal of a case for lack of subject matter jurisdiction is without prejudice. *Ruiz v. Brennan*, 851 F.3d 464, 473 (5th Cir. 2017).

"To establish standing, the plaintiff must show '(1) that he or she suffered an injury in fact that is concrete, particularized, and actual or imminent, (2) that the injury was caused by the defendant, and (3) that the injury would likely be redressed by the requested judicial relief." *Daves v. Dallas Cty.*, 22 F.4th 522, 542 (5th Cir. 2022) (quoting *Thole v. U.S. Bank N.A.*, 140 S. Ct. 1615, 1618 (2020)). A plaintiff bears the burden of establishing each element. *Id.* (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992)). "[A] plaintiff raising only a generally available grievance about government . . . does not state an Article III case or controversy." *Lujan*, 504 U.S. at 573-74.

### III. Analysis

Plaintiff's claims against the Houston Defendants are generalized in nature and must be dismissed for lack of Article III standing. She seeks redress for "all the abominations [] done us by their so-called Justice System and for all the sins that been committed against us BLACKS . . . ." ECF 8 at 4. Absent from both the petition (ECF 1-1) and her "Motion to Dismiss Appeal Motion to Dismiss" (ECF 8) is any allegation that she suffered a tangible injury through the conduct of the Houston Defendants. She discusses the deaths of Jaylen Randle, Rodrick Brooks, and Hallis Kinsey Jr. in connection with her complaints of racially discriminatory practices by Houston-area police. *See, e.g.*, ECF 1-1 at 11; ECF 8 at 5. However,

6

she does not allege any direct injury to herself that is cognizable under § 1983. Even construing Plaintiff's allegations liberally to allege a stigmatizing injury caused by racially discriminatory practices, such claims are insufficient to establish standing under these circumstances. For a stigmatizing injury to be cognizable under Article III, a plaintiff must allege that she was "personally subject to the challenged discrimination[;]" no lawsuit can proceed absent allegations that the plaintiff "had been or would likely be subject to the challenged practices." *Allen v. Wright*, 468 U.S. 737, 755 (1984), *rev'd on other grounds*, *Lexmark Intern., Inc. v. Static Control Components, Inc.*, 572 U.S. 118 (2014) (citation omitted). Standing cannot "extend nationwide to all members of [a] particular racial groups against which the Government [is] alleged to be discriminating[;]" doing so would "transform the federal courts into 'no more than a vehicle for the vindication of the value interests of concerned bystanders.'" *Id.* at 756 (quoting *United States v. SCRAP*, 412 U.S. 669, 687 (1973)). Plaintiff has not alleged a violation of her personal liberties. Her claims amount to a "generally available grievance about government," which means that Plaintiff has not met her burden to establish constitutional standing. *Lujan*, 504 U.S. at 573-74.

This case was removed from state court. ECF 1. In a removed case, "[i]f at any time before final judgment it appears that the district court lacks subject matter

7

jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). There is an exception to the remand requirement in cases where it is "sufficiently certain" that state court would also lack jurisdiction and that remand would be futile. *Int'l Primate Prot. League v. Adm'rs of Tulane Educ. Fund*, 500 U.S. 72, 88–89 (1991); *Boaz Legacy, L.P. v. Roberts*, 628 F. App'x 318, 320 (5th Cir. 2016) (per curiam). The court should remand if the existence of jurisdiction in the state court requires debatable application or interpretation of state law. *Int'l Primate Prot. League*, 500 U.S. at 88-89. The court should dismiss rather than remand a case when it is "sufficiently certain" that remand would be futile because the state court would also lack jurisdiction. *Id.*; *Nolan v. Boeing Co.*, 919 F.2d 1058 (5th Cir. 1990).

"Texas standing requirements parallel the federal test for Article III standing. . . . [In *Lujan*,] [t]he United States Supreme Court . . . articulated the three elements of standing[] which have been adopted by this Court[.]" *In re Abbott*, 601 S.W.3d 802, 807–08 (Tex. 2020) (orig. proceeding) (per curiam) (citation omitted). "The Texas injury-in-fact analysis similarly requires that the plaintiff suffer 'personal' injury." *Id.* (quoting *Heckman v. Williamson County*, 369 S.W.3d 137, 153 (Tex. 2012). Thus, because Plaintiff lacks standing under Article III, she also lacks standing to bring this lawsuit in state court. The court is thus "sufficiently certain" that remand would be futile. Dismissal, rather than remand, is the

8

appropriate course of action. Accordingly, Plaintiff's claims against Houston Defendants must be dismissed, sua sponte, for lack of subject-matter jurisdiction.

## IV. Conclusion and Recommendation

For the above reasons, the Court RECOMMENDS that Plaintiff's request for voluntarily dismissal of the following six Defendants be GRANTED: (1) Urgent Doc, (2) Fort Bend County Sheriff's Office, (3) Richmond Police Department, (4) Victor Horelica, (5) Zulliveth Rodas Catalan, and (6) proper party Defendant Whataburger Restaurants LLC.

The Court also RECOMMENDS that the District Judge sua sponte DISMISS for lack of standing Plaintiff's claims against the following Defendants: Houston Police Department, Harris County Sheriff's Department, Jail Ministry of Harris County Sheriff's Department, Houston Police Department Tacticle Division Harris County TX (US).

The Court also RECOMMENDS that the District Judge TERMINATE all pending motions due to the Court's lack of subject matter jurisdiction: (1) Defendant Harris County Sheriff Department's Motion to Dismiss (ECF 2); Defendant Houston Police Department's Motion to Dismiss (ECF 3); Defendant Zulliveth Rodahs' Motion to Dismiss (ECF 5); and Plaintiff's Motion to Correct Name (ECF 7).

The Clerk of the Court shall send copies of the memorandum and recommendation to the respective parties, who will then have fourteen days to file written objections, pursuant to 28 U.S.C. § 636(b)(1)(c). Failure to file written objections within the time period provided will bar an aggrieved party from attacking the factual findings and legal conclusions on appeal. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), superseded by statute on other grounds.

Signed on April 05, 2023, at Houston, Texas.

*Christina A. Bryan*
Christina A. Bryan
United States Magistrate Judge