United States District Court
Southern District of Texas
**ENTERED**
June 26, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KAY JEUUDAH, | § | CIVIL ACTION NO |
| Plaintiff, | § | 4:22-cv-03545 |
| | § | |
| | § | |
| vs. | § | JUDGE CHARLES ESKRIDGE |
| | § | |
| HOUSTON POLICE | § | |
| DEPARTMENT, *et al*, | § | |
| Defendants. | § | |

ORDER ADOPTING
MEMORANDUM AND RECOMMENDATION

Plaintiff Kay Jeuudah, filing under the name "Honorable Queen Jeuudah Kay, of the Tribe of Judah: The Lion King Stock" brought this action in state court alleging various civil rights violations. Dkt 1-1 at 2. Defendant Houston Police Department timely removed. Dkt 1.

The matter was referred to Magistrate Judge Christina A. Bryan for disposition. Dkt 6. Plaintiff filed a "Motion to Dismiss Appeal Motion to Dismiss," indicating that she intended for Defendants Urgent Doc, Fort Bend County Sheriff Office, Richmond Police Department, Victor Horelica, Zulliveth Rodas Catalan, and Whataburger LLC to be "removed from this case." Dkt 8.

Pending is a Memorandum and Recommendation by the Magistrate Judge dated April 5, 2023. Dkt 11. She recommends that the Plaintiff's request to "remove" claims against Defendants Urgent Doc, Fort Bend County Sheriff Office, Richmond Police Department, Victor Horelica, Zulliveth Rodas Catalan, and Whataburger LLC be granted, and that those Defendants be dismissed without prejudice. Id at 9. She also recommends that Defendants Houston Police Department, Harris County Sheriff's Department, Jail Ministry of Harris County Sheriff's

Department, and Houston Police Department Tacticle [sic] Division Harris County TX be dismissed, *sua sponte*, for lack of standing because Plaintiff's claims amount to "generally available grievance[s] about government." Id at 5, quoting *Lujan v. Defenders of Wildlife*, 504 US 555, 573–74 (1992). She also recommends that the case be dismissed, and not remanded, because remand would be futile. Id at 7–9. She further recommends that all other pending motions be terminated due to the Court's lack of subject matter jurisdiction.

The district court reviews *de novo* those conclusions of a magistrate judge to which a party has specifically objected. See FRCP 72(b)(3) & 28 USC § 636(b)(1)(C); see also *United States v Wilson*, 864 F2d 1219, 1221 (5th Cir 1989, *per curiam*). The district court may accept any other portions to which there's no objection if satisfied that no clear error appears on the face of the record. See *Guillory v PPG Industries Inc*, 434 F3d 303, 308 (5th Cir 2005), citing *Douglass v United Services Automobile Association*, 79 F3d 1415, 1430 (5th Cir 1996, *en banc*); see also FRCP 72(b) advisory committee note (1983).

Plaintiff timely filed an objection. Dkt 12. These objections contain personal insults directed at the Magistrate Judge, largely based on aspersions as to race and religion. They are without merit. No clear error otherwise appears upon review and consideration of the Memorandum and Recommendation, the record, and the applicable law.

The Memorandum and Recommendation of the Magistrate Judge is ADOPTED as the Memorandum and Order of this Court. Dkt 11.

Plaintiff's request to dismiss the claims against Urgent Doc, Fort Bend County Sheriff Office, Richmond Police Department, Victor Horelica, Zulliveth Rodas Catalan, and Whataburger LLC is GRANTED. Plaintiff's claims against those Defendants are DISMISSED WITHOUT PREJUDICE.

Plaintiff's claims against Defendants Houston Police Department, Harris County Sheriff's Department, Jail

2

Ministry of Harris County Sheriff's Department, and Houston Police Department Tacticle [sic] Division Harris County TX are DISMISSED WITHOUT PREJUDICE for lack of subject matter jurisdiction.

All other pending motions are TERMINATED due to the Court's lack of subject matter jurisdiction. Dkts 2, 3, 5 & 7.

Final judgment to follow.

SO ORDERED.

Signed on June 26, 2023, at Houston, Texas.

_____
Hon. Charles Eskridge
United States District Judge